UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| PATRICK MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No.: |
| ) | |
| BLOOMIN' BRANDS, INC., ) | |
| d/b/a OUTBACK STEAKHOUSE ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff PATRICK MARTINEZ ("Plaintiff" or "Martinez"), files his Complaint against Defendant, BLOOMIN' BRANDS, INC., d/b/a OUTBACK STEAKHOUSE ("Defendant" or "Outback"), and in support he states the following:

## NATURE OF THE CLAIMS

This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA") and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff

because of his disability and Defendant's battery of Plaintiff and intentional infliction of emotional distress leading to Plaintiff's constructive discharge.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

2. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law and the Florida Civil Rights Act of 1992 pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to this action, including Defendant's unlawful employment practices alleged herein, occurred in this District.

## THE PARTIES

4. Plaintiff, Martinez is a citizen of the United States, and is and was at all times material, a resident of the State of Florida, residing in Hillsborough County, Florida.

5. Defendant, Outback, is a foreign for-profit corporation with its principal place of business in Tampa, Florida.

6. Plaintiff worked for Defendant at 2020 W. Brandon Blvd., Suite 190, Brandon, FL 33511.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On June 6, 2020 Plaintiff timely dual-filed a claim with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability, and retaliation.

10. Plaintiff's EEOC Charge was filed within three hundred days after the alleged unlawful employment practices.

11. On December 15, 2020 the EEOC issued to Plaintiff his Notice of Right to Sue. (Exhibit "A").

12. This Complaint was filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for Defendant as a full-time sauté cook.

14. Plaintiff is a disabled male.

15. Plaintiff suffers from tonsillitis which developed into a peritonsillar abscess, a physical condition that blocked his airway.

16. Plaintiff notified Defendant about his disabilities.

17. Plaintiff's disabilities substantially limit his major life activities including breathing during medical episodes. Plaintiff also required hospitalizations and surgery as a result of his disabilities.

18. At all times relevant, Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

20. Throughout 2019, Plaintiff was hospitalized multiple times due to medical complications caused by his disability.

21. In mid-2019, Plaintiff informed Mark Brown (Proprietor of Brandon location) of his disabilities and requested the reasonable accommodation of permission to wear the mask over his mouth at work to limit his exposure of smoke from the grill, which exacerbated his disability.

22. Permitting Plaintiff to wear the mask did not cause an undue hardship on the Defendant.

23. Mr. Brown denied Plaintiff's request for a reasonable accommodation of wearing the mask because, "it looked stupid" and would make the health inspector suspicious if they were to walk into the kitchen.

24. On or about February 20, 2020, Plaintiff experienced a flare in his disability as a result of Defendant's refusal to permit Plaintiff to wear a mask while working the grill.

25. Plaintiff notified Mr. Brown of the flare of his disability and elected to wear the mask in order to continue working his shift.

26. Mr. Brown berated Plaintiff, stating, "if you have to wear the mask, then I don't want you here", and again telling Plaintiff, "it looks stupid."

27. Mr. Brown then gave Plaintiff the ultimatum of removing the mask or being sent home from his shift.

28. Plaintiff elected to remove the mask in order to be permitted to work the rest of his shift.

29. On or about February 21, 2020, following his shift, Plaintiff was rushed to the emergency room for medical complications with his disability due to Defendant's failure to reasonably accommodate Plaintiff's request to wear a mask.

30. Plaintiff's continued exposure to the smoke from the grill, exacerbated Plaintiff's disability, causing his throat to close up, preventing him from breathing.

31. Plaintiff informed Defendant about his disability flare and requested the reasonable accommodation of two days off.

32. On or about February 23, 2020, Plaintiff had a follow up appointment with his primary care physician and was provided with restrictions to remain out of work until March 2, 2020, in order to treat and reduce the flare of Plaintiff's disability.

33. Plaintiff also provided a copy of both doctors' notes to Defendant prior to requesting the reasonable accommodation of time off.

34. Plaintiff returned to work following his requested leave and was again confronted by Mr. Brown regarding Plaintiff wearing a mask while he was working on a large catering order.

35. Mr. Brown further subjected Plaintiff to discriminatory harassment based on his disability by yelling and cursing at Plaintiff, ordering him to remove his mask.

36. Plaintiff again explained to Defendant that the mask reduced his exposure to the smoke from the grill, which exacerbated his disability.

37. Mr. Brown then forcibly pulled one of the mask's ear straps off of Plaintiff's ear, and proceeded to chest bump Plaintiff, pushing him into a grill, causing Plaintiff to burn his arm.

38. Shortly after, Plaintiff informed Defendant that he would require surgery for his disability.

39. On or about March 6, 2020, Plaintiff escalated his concerns Jessica Bates (Manager at Brandon location), regarding the disparate workload and discriminatory animus Mr. Brown was subjecting Plaintiff to following his short medical leave due to the flare in his disability. Ms. Bates took no remedial action and simply instructed Plaintiff to ask for help with his assigned workload.

40. On or about March 11, 2020, Plaintiff received several missed calls from his surgeon. After completing his prep work, Plaintiff showed Jeffrey Allison (Manager of Brandon location), the missed calls and requested permission to call the surgeon back. Mr. Allison approved the call and Plaintiff stepped off the line to return his surgeon's calls.

41. Mr. Brown witnessed Plaintiff on his phone and following the call, Mr. Brown proceeded to berate Plaintiff stating, "Who the fuck gave you permission to use your fucking phone?" and "don't ever touch your fucking phone again. Do you see anyone else on their fucking phones?"

42. Plaintiff attempted to explain to Mr. Brown that Mr. Allison had provided him with permission to use his phone. Plaintiff additionally pointed out to Mr. Brown that several other kitchen staff were on their phones.

7

43. In response, Mr. Brown continued to chastise Plaintiff, threatening him by stating, "you better think about what you are doing, I'll take your insurance away from your ass," to further harass Plaintiff on the basis of his disability because Mr. Brown knew of Plaintiff's upcoming surgery.

44. As a result of Defendant's continued hostile and violent discriminatory harassment, purposeful refusal to accommodate Plaintiff, putting Plaintiff's life at risk, and Mr. Brown's intentional shoving of Plaintiff into a hot grill, resulting in a burn to Plaintiff's arm, Plaintiff was left with no choice but to resign.

45. Plaintiff is not the only employee Defendant discriminated against based on their disability. For example, Plaintiff has witnessed Mr. Brown tell multiple employees that he would not accommodate their restrictions and that they must be at 100% to return to work.

46. Plaintiff has been damaged by Defendant's illegal conduct.

47. Defendant's conduct was willful, wanton, and done with reckless disregard for Plaintiff.

48. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## **COUNT I: DISABILITY BASED DISCRIMINATION IN VIOLATION OF THE ADA**

49. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

50. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

51. Plaintiff was able to perform the essential functions of his job at the time of his constructive discharge.

52. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

53. Defendant violated the ADA by constructively terminating and discriminating against Plaintiff based on his disability.

54. Plaintiff has been damaged by Defendant's illegal conduct.

55. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

56. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

57. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT II: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

59. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

60. Plaintiff was able to perform the essential functions of his job at the time of his constructive discharge.

61. Plaintiff requested reasonable accommodations for his disability on multiple occasions.

62. Defendant violated the ADA by failing to properly provide the accommodation or otherwise engage in the interactive process, causing Plaintiff to experience flares in his disability which put Plaintiff's life at risk.

63. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress

and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

64. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### COUNT III: RETALIATION IN VIOLATION OF THE ADA

65. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

66. Defendant intentionally retaliated against Plaintiff for engaging in protected activity, raising his concerns regarding Defendant's discriminatory actions, and by constructively discharging Plaintiff's employment.

67. Defendant's conduct violates the ADA.

68. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

69. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

70. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## COUNT IV: HANDICAP BASED DISCRIMINATION
## IN VIOLATION OF THE FCRA

71. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-48 above.

72. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

73. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

74. Defendant violated the FCRA by constructively terminating and discriminating against Plaintiff based on his handicap.

75. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

76. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

77. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious

disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

### COUNT V: FAILURE TO ACCOMMODATE IN VIOLATION OF THE FCRA

78. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

79. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the FCRA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

80. Plaintiff was able to perform the essential functions of his job at the time of his constructive discharge.

81. Defendant is required to engage in the interactive process and reasonably accommodate Plaintiff.

82. Defendant violated the FCRA by failing to engage in the interactive process and reasonably accommodate Plaintiff.

83. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

84. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### COUNT VI: RETALIATION IN VIOLATION OF THE FCRA

85. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-48 above.

86. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

87. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he raised concerns about Defendant's discriminatory behavior.

88. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

89. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious

disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## COUNT VII: BATTERY

90. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

91. Defendant intentionally, knowingly, or recklessly caused bodily injury to Plaintiff when Mr. Brown forcibly pulled one of the mask's ear straps off of Plaintiff's ear, and proceeded to chest bump Plaintiff, pushing him into a grill, causing Plaintiff to burn his arm.

92. Defendant's intentional and deliberate contact with Plaintiff was harmful and offensive and resulted in a burn and subsequent scarring of Plaintiff's arm, thereby entitling Plaintiff to an award of punitive damages.

## COUNT VIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-48 above.

94. Defendant engaged in deliberate conduct when it repeatedly failed to take remedial action following Plaintiff's numerous complaints and its own first-hand knowledge of the discriminatory and harassing behavior Plaintiff endured, thus ratifying the discrimination and harassment.

95. Defendant's conduct was extreme and outrageous.

96. Defendant's extreme and outrageous conduct caused Plaintiff to suffer severe emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Granting Plaintiff costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Zane A. Herman**
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
Zane.herman@spielbergerlawgroup.com
*Counsel for Plaintiff*

16